|   |   |
|---|---|
| 1 | **JOHN K. PARK, ESQ. (SBN 175212)**<br>**MARK L. SUTTON, ESQ. (SBN 120255)** |
| 2 | **park@parklaw.com** |
| 3 | **3255 Wilshire Blvd., Suite 1110**<br>**Los Angeles, California 90010** |
| 4 | **Telephone: (213) 389-3777**<br>**Facsimile: (213) 389-3377** |
| 5 |   |
| 6 | Attorneys for Defendant,<br>Verus U.S.A., LLC |
| 7 |   |

8   UNITED STATES DISTRICT COURT

9   CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | SPIGEN KOREA CO., LTD, a Republic of Korea corporation, | CASE NO.: 8:15-CV-01050 DOC (DFMx) |
| 12 | | |
| 13 | Plaintiff | DEFENDANT VERUS U.S.A., LLC'S FIRST AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIMS |
| 14 | v. | |
| 15 | ISPEAK CO., LTD., a Republic of Korea corporation; VERUS U.S.A., LLC, a California limited liability company ; and DOES 1 through 10, inclusive, | |
| 16 | | |
| 17 | | The Honorable David O. Carter |
| 18 | Defendants | |
| 19 | ——————————————— | Dept:    9D |
| 20 | VERUS U.S.A., LLC, a California limited liability company, | Date:    October 7, 2015 |
| 21 | Counter-Plaintiff | |
| 22 | v. | |
| 23 | | |
| 24 | SPIGEN KOREA CO., LTD, a Republic of Korea corporation, | |
| 25 | Counter-Defendant | |
| 26 | | |

TO: THE HONORABLE DAVID O. CARTER, JUDGE, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Verus U.S.A., LLC ("Defendant") hereby submits its First Amended Answer to the Complaint served by Plaintiff Spigen Korea Co. Ltd., ("Plaintiff") in correspondingly numbered paragraphs, as follows:

## JURISDICTION AND VENUE

1. DEFENDANT admits the allegation of Paragraph 1 that this is an action for patent infringement arising under the patent laws of the United States.

2. DEFENDANT admits the allegation of Paragraph 2 that this Court has subject matter jurisdiction over this action.

3. DEFENDANT admits the allegation of Paragraph 3 that this Court has personal jurisdiction over DEFENDANT.

4. DEFENDANT admits the allegation of Paragraph 4 that venue is proper in this district.

## PARTIES

5. DEFENDANT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and on that basis denies the same.

6. DEFENDANT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and on that basis denies the same.

7. DEFENDANT denies that it is a California corporation. DEFENDANT admits the truth of the remaining allegations of Paragraph 7 of the Complaint.

8. DEFENDANT lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and on that basis denies the same.

## INFRINGEMENT OF U.S. PATENT NO. 9,049,283

9. Addressing the allegations of Paragraph 9 of the Complaint, DEFENDANT admits that what appears to be a copy of U.S. Patent No. 9,049,283 ("'283 patent" or "Patent-in-Suit) is attached to the Complaint as Exhibit A. DEFENDANT lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint and on that basis denies the same.

10. DEFENDANT denies the truth of the allegations of Paragraph 10 of the Complaint.
11. DEFENDANT denies the truth of the allegations of Paragraph 11 of the Complaint.
12. DEFENDANT denies the truth of the allegations of Paragraph 12 of the Complaint.
13. DEFENDANT denies the truth of the allegations of Paragraph 13 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE:**
**(Failure to State a Claim)**

1. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE:**
**(Non-Infringement of the Patent In Suit)**

2. DEFENDANT did not infringe, and has not infringed (either directly, by contributory infringement, by inducement, jointly, literally, or under the doctrine of equivalents) any valid and/or enforceable claim of the Asserted Patent.

**THIRD AFFIRMATIVE DEFENSE:**
**(Invalidity of the Patent In Suit)**

3. One or more claims of the Asserted Patent is invalid or void for failing to comply with one or more of the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to sections 102, 103 and 112.

**FOURTH AFFIRMATIVE DEFENSE:**
**(Failure to Mark)**

4. Plaintiff's claims for relief are barred, in whole or in part, by failure to comply with the marking and/or notice provisions of 35 U.S.C. 287.

**FIFTH AFFIRMATIVE DEFENSE:**

**(Limitations on Damages and Costs)**

5. Plaintiffs' claims for relief and prayer for damages are limited by 35 U.S.C. 286 and 35 U.S.C. 287. Plaintiffs' recovery of costs is limited under 35 U.S.C. 288.

**SIXTH AFFIRMATIVE DEFENSE:**

**(Estoppel, Acquiescence, and Waiver)**

6. Plaintiff is barred in whole or in part by the doctrine of estoppel, acquiescence, and waiver from enforcing the Patent-in-Suit against Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**:

**(Other Affirmative Defenses Based on Later Discovered Evidence)**

7. Defendants reserve the right to assert additional affirmative defenses.

**EIGHTH AFFIRMATIVE DEFENSE:**

**(Unenforcability Due to Inequitable Conduct)**

8. Plaintiff's claims are barred because the '283 patent is unenforceable due to Plaintiff's and its patent counsel's intent to deceive the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the '283 patent, in part in view of Plaintiff's knowledge of the prior art disclosures of Korean Utility Model No.20-0472435 ("KUM '435"). *See* Exhibit A attached to the Complaint in this action and Exhibits 1 through 5 attached hereto for additional details.

9. DEFENDANT further alleges that KUM '435 was material to the invalidity of at least one claim of the '283 patent in that the USPTO would not have allowed at least one claim of the '283 patent to issue if KUM '435 had been disclosed to the USPTO. *See* Exhibit A attached to the Complaint in this action and Exhibits 1 through 3 and 5 attached hereto for additional details.

10. DEFENDANT also asserts that the prior art that was before the USPTO during the prosecution of the '283 patent did not disclose, or render obvious, particular elements of every claim of the '283 patent, whereas KUM '435 does disclose those elements and so KUM '435 is not cumulative of the prior art before the USPTO during prosecution of the application for the

'283 patent.  *See* Exhibit A attached to the Complaint in this action and Exhibits 1, 2 and 5 attached hereto for additional details.

## COUNTERCLAIMS

VERUS U.S.A., LLC ("Counterclaimant") hereby counterclaims against SPIGEN KOREA CO., LTD. ("Counter-Defendant") as follows:

## PARTIES

1. Verus U.S.A., LLC is a limited liability company organized and existing under the laws of the state of California with its principal place of business located at 255 Berry Street, Brea, CA 92821.

2. Upon information and belief, Counter-Defendant is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business at 371-37 Kasandong, STX V-Tower #1709, Geumcheongu, Seoul, Republic of Korea.  Counter-Defendant initiated this lawsuit against Counterclaimant.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b) because Counter-Defendant resides in this district, has transacted business in this District and/or initiated this proceeding in this District.

5. Upon information and belief, personal jurisdiction exists generally over each Counter-Defendant because each Counter-Defendant has sufficient minimum contacts with the forum as a result of its residency and because of business conducted within this State and District. Personal jurisdiction also exists specifically over each Counter-Defendant because each, directly or through affiliates, subsidiaries or intermediaries, transacts business in this District including making, using, offering to sell, selling and/or having sold infringing products within this State and District, which infringe the Patent-in-Suit. Additionally, each Counter-Defendant consented to personal jurisdiction in this forum by initiated this proceeding herein.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of the '283 Patent)**

6. Counterclaimant restates and incorporates by reference its allegations in paragraphs 1-5.

7. An actual case or controversy exists between parties as to whether the '283 patent is infringed by Counterclaimants.

8. Counterclaimant seeks a judicial declaration finding that they have not infringed and does not infringe, directly or indirectly, any valid and/or enforceable claim of the '283 Patent.

## COUNT TWO

**(Declaratory Judgment of Invalidity of the '283 Patent)**

9. Counterclaimant restates and incorporates by reference its allegations in paragraphs 1-8.

10. An actual case or controversy exists between, on the one hand, Counterclaimant, and on the other hand, Counter-Defendant as to whether or not the '283 patent is invalid.

11. Counterclaimant seeks a judicial declaration finding that the '283 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to, §§ 102, 103, and/or 112. *See, e.g.,* Exhibit A attached to the Complaint in this action (including the prior art cited therein) and Exhibits 1 through 3 and 5 attached hereto.

## COUNT THREE

**(Declaratory Judgment of Unenforceability of the '283 Patent)**

1. Counterclaimant restates and incorporates by reference its allegations in paragraphs 1-11 of these counterclaims, as well as paragraphs 8 though 10 of DEFENDANT'S Eighth Affirmative Defense set forth above.

2. An actual case or controversy exists between, on the one hand, Counterclaimant, and on the other hand, Counter-Defendant as to whether or not the '283 patent is unenforceable.

3. Counterclaimant seeks a judicial declaration determining that the '283 patent is unenforceable for inequitable conduct involving the failure to meet the duty to disclose information material to patentability under 37 C.F.R. 1.56.

4. Counterclaimant believes and therefore alleges that Counter-Defendant practiced fraud or the duty of disclosure was violated through bad faith or intentional misconduct in the United States Patent and Trademark Office ("USPTO") in order to induce the USPTO to grant one or more claims of the '283 patent.

5. Counterclaimant believes and therefore alleges that Counter-Defendant had intent to deceive the USPTO by not disclosing one or more material prior art references known to Plaintiff, including but not limited to Korean Utility Model no. 20-0472435 ("KUM '435"), and the prior sale of the products made under KUM '435 by a third party, Design Skin, in order to induce the USPTO grant one or more claims of the '283 patent. *See* Exhibit A attached to the Complaint and Exhibits 1 through 5 attached hereto.

6. Counterclaimant believes and therefore alleges that KUM '435 is material to the invalidity of at least one claim of the '283 patent in that the USPTO would not have issued at least one claim of the '283 patent if Counter-Defendant had disclosed KUM '435 to the USPTO during the prosecution of the application for the '283 patent. *See* Exhibit A attached to the Complaint and Exhibits 1 through 3 and 5 attached hereto.

**PRAYER FOR RELIEF**

WHEREFORE, DEFENDANT and Counterclaimant respectfully requests that judgment be entered in its favor and against Counter-Defendant as follows:

1. A judgment in favor of DEFENDANT, denying all relief Plaintiff has requested in its Complaint and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2. A judgment in favor of Counterclaimant on all of its Counterclaims;

3. A declaration that DEFENDANT has not infringed, contributed to the infringement of, induced others to infringe, or otherwise infringed, either directly or indirectly, any valid claims of the Patent-in-Suit;

4. A declaration that the Patent-in-Suit is invalid and unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of Title 35, including but not limited to §§ 102, 103, and/or 112;

5. A declaration that the Patent-in-Suit is unenforceable due to materiality of the prior art to the invalidity of the Patent-in-Suit and Plaintiff's and its patent counsel's intent to deceive the USPTO in obtaining the Patent-in-Suit, thereby constituting inequitable conduct and rendering the Patent-in-Suit unenforceable;

5. Judgment denying any preliminary or permanent injunctive relief in favor of Plaintiff or otherwise against DEFENDANT;

6. That the Court enter judgment declaring that this is an exceptional case justifying an award of attorney fees to DEFENDANT and against Plaintiff in the defense of this action pursuant to 35 U.S.C §§ 284 and 285, 28 U.S.C. § 1927 and this Court's inherent power, and that the Court grant Counterclaimant reasonable attorneys fees incurred in the prosecution of the counterclaims in this action based on the foregoing legal grounds; and

7. That Counter-Defendants be ordered to pay all costs associated with this action, and

8. That the Court award Counterclaimant such other further relief as the Court may deem just and proper.

Dated:  October 7, 2015         PARK LAW FIRM

                                By: /s/ Mark L. Sutton
                                    John K. Park
                                    Mark L. Sutton
                                    Attorneys for Defendant/Counterclaimant
                                    VERUS U.S.A. LLC

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DEFENDANT and Counterclaimant demand a trial by jury on all issues triable of right by a jury.

Dated: October 7, 2015               PARK LAW FIRM


                                     By:   /s/ Mark L. Sutton
                                           John K. Park
                                           Mark L. Sutton
                                           Attorneys for Defendant/Counterclaimant
                                           VERUS U.S.A. LLC

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 3255 Wilshire Blvd., Suite 1110, Los Angeles, California 90010.

On September 18, 2015, I caused the foregoing document(s) described as DEFENDANT VERUS U.S.A., LLC'S FIRST AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIMS to be served on the parties in this action, as follows:

Mr. Heedong Chae, Esq.
EastWest Law Group
3600 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
hdchae@ewpat.com

( **X** ) (BY U.S. MAIL) I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondences, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully paid at Los Angeles, CA, in the ordinary course of business.

(     ) (BY FEDERAL EXPRESS) I served a true and correct copy by Federal Express or other overnight delivery service, for delivery on the next business day. Each copy was enclosed in an envelope or package designed by the express service carrier; deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf; with delivery fees paid or provided for; addressed as either shown above or shown on the accompanying service list.

( **X** ) (BY EMAIL) I served a true and correct copy by email to the email address shown above per prior agreement between the parties.

( **X** ) (BY EM/ECF) It is believed that EM/ECF will automatically generate the court filed version of this document immediately at the time of filing and serve the above named parties.

( **X** ) (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____10/7/2015_____       By: __/s/John K. Park_____
                                      John K Park