**JOHN K. PARK, ESQ. (SBN 175212)**
**MARK L. SUTTON, ESQ. (SBN 120255)**
**park@parklaw.com**
**3255 Wilshire Blvd., Suite 1110**
**Los Angeles, California 90010**
**Telephone: (213) 389-3777**
**Facsimile: (213) 389-3377**

Attorneys for Defendant,
Verus U.S.A., LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD, a Republic of Korea corporation,<br><br>    Plaintiff<br><br>    v.<br><br>ISPEAK CO., LTD., a Republic of Korea corporation; VERUS U.S.A., LLC, a California limited liability company ; and DOES 1 through 10, inclusive,<br><br>    Defendants<br>_____<br><br>VERUS U.S.A., LLC, a California limited liability company,<br><br>    Counter-Plaintiff<br><br>    v.<br><br>SPIGEN KOREA CO., LTD, a Republic of Korea corporation,<br><br>    Counter-Defendant | CASE NO.: 8:15-CV-01050 DOC (DFMx)<br><br>DEFENDANT VERUS U.S.A., LLC'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER FED.R.CIV.P. 11<br><br>The Honorable David O. Carter<br><br>Dept:  9D<br>Date:  December 7, 2015<br>Time:  8:30 a.m. |

TO: THE HONORABLE DAVID O. CARTER, JUDGE, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS UNDER FED.R.CIV.P. 11

### I. INTRODUCTION

This is a patent infringement case. Spigen Korea Co., Ltd. ("Plaintiff" or "Spigen") is suing Verus U.S.A., LLC ("Defendant" or "Verus") et al. for infringement of U.S. Patent No. 9,049,283 ("patent in suit"). *See* complaint for patent infringement relief sought in this action; *see also* Exhibit 1 to this motion (the patent in suit). As explained below, in view of a prior art reference intentionally withheld by Plaintiff from the U.S. Patent and Trademark Office ("USPTO"), Plaintiff obtained the patent in suit by engaging in inequitable conduct and so the patent in suit is unenforceable. Furthermore, the evidence on this motion establishes most of the claims of the patent in suit are invalid in view of the prior art.

By this motion, Defendant requests the Court to award sanctions including attorneys' fees under Fed.R.Civ.P. 11 against Plaintiff and its counsel (Plaintiff and its counsel are referred to herein collectively as "Spigen").[1] If Spigen had

---
[1] Verus brings this motion without waiving its rights to seek relief under (1) 35 U.S.C. § 285 to have this case deemed "exceptional," so as to recover its attorneys' fees, costs and other expenses, (2) 28 U.S.C. § 1928 for the same recovery, and/or (3) the Court's inherent authority to award sanctions. *See, e.g., Octane Fitness LLC v. Icon Health Fitness Inc.*, 134 S. Ct. 1749, 1758 (2014)

conducted a reasonable pre-lawsuit inquiry, or given sufficient consideration to the warnings, facts, law and legal analysis provided by Defendant before this motion was filed, Spigen could not have reasonably concluded that there was a proper basis for bringing or maintaining this action.  Therefore, at the conclusion of this action, Verus requests that the Court award all of the costs, attorneys' fees, expert fees, and other expenses that Verus has, and will have incurred, resulting from this lawsuit. Verus intends to submit a detailed itemization of those expenses at the appropriate time.

## II.   FACTUAL BACKGROUND

### A. Summary of Facts and Issues

Spigen obtained the patent in suit while withholding Korean Utility Model no. 20-0472435 ("KUM '435"), as well as Defendant's sales of the products essentially described in KUM '435.  *See* Exhibit 2 (KUM '435 and an English translation thereof); Park declaration, ¶¶ 2 and 3.  KUM '435 was published before the effective filing date of the patent in suit and is thus prior art to the patent in suit. *See* 35 U.S.C. 102(a)(1); Exhibit 2, at item "(45)" (showing "Publication Date

---

(lowering the standard for awarding attorneys' fees in patent infringement cases under 35 U.S.C. § 285) (also stating that "[w]e have long recognized a common-law exception to the general American rule against fee-shifting-an exception, inherent in the power [of] the courts that applies for willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons ….") (citations and quotations omitted); *see also Cambrian Sci. Corp. v. Cox Communications, Inc.*, 2015 U.S. Dist. LEXIS 4415, at *3 (C.D. Cal. Jan. 6, 2015) (awarding fees under *Octane Fitness* standard); *Ceiva Logic Inc. v. Frame Media Inc.*, 2014 U.S. Dist. LEXIS 176328, at *10 (C.D. Cal. Dec. 19, 2014) (same).

April 28, 2014" for KUM '435); Exhibit 1, at item "(60)" (showing "provisional application" date of "Jun. 16, 2014" for the patent in suit). The products sold by the owner of KUM '435 before the effective filing date of the patent in suit were also prior art to the patent in suit. *See* 35 U.S.C. § 102(a)(1); Park declaration, ¶ 4. Spigen had first-hand knowledge of KUM '435 (and the aforementioned sales of products embodying the elements of the claims in KUM '435) before the USPTO began considering the merits of the patent in suit. *See* Exhibit 5 (cease and desist letter to Spigen regarding Spigen's infringement of KUM '435, dated July 3, 2014, and certified as delivered by the Korean Post Office); Exhibit 1 (at "(22)" showing a filing date of patent in suit of December 5, 2014); Sutton declaration, ¶ 4. Therefore, Spigen failed to meet its duty of candor and disclosure to the USPTO. *See* 37 C.F.R. § 1.56.

As alluded to in the previous paragraph, in a cease and desist letter dated July 3, 2014, before the patent in suit was filed, and also before the prosecution of the patent in suit was pending before the USPTO, Spigen was accused by the owner of KUM '435 of infringing KUM '435 by selling products that are similar, if not identical, to those disclosed and claimed in the patent in suit. *See* Exhibit 5 (cease and desist letter to Plaintiff that is certified by the Korean Post Office as being served on Plaintiff on July 3, 2014). In spite of the foregoing, Spigen never disclosed KUM '435, or its corresponding products, to the USPTO. *See* Exhibit 1,

at "(56)" under "References Cited" (hereinafter referred to as the "Cited Prior Art" and showing by its absence that KUM '435 was not disclosed to the USPTO); Sutton declaration, ¶ 4.

As shown in Exhibit 3, KUM '435 discloses all of the elements of the independent claims (claims 1 and 16) and some dependent claims (claims 2, 6, 8, 10, 11, 13, 17 and 18) of the patent in suit.  *See* Exhibit 1 (claims at columns 6, 7 and 8 of the patent in suit); *see also* Exhibit 3 (referencing Exhibits 1 and 2 in providing side-by-side the elements of claims 1, 2, 6, 8, 10, 11, 13, 16, 17 and 18 and the disclosures of KUM '435 corresponding to those claim elements).  In view of the information in Exhibit 3, the USPTO would not have issued any of those claims because those claims are anticipated by KUM '435 (35 U.S.C. 102), or rendered obvious by KUM '435 combined with other prior art such as the Cited Prior Art (35 U.S.C. 103).

In view of the foregoing, the failure of Plaintiff and its counsel to disclose KUM '435 is why the USPTO did not at least require modification of at least one of claims 1, 2, 6, 8, 10, 11, 13, 16, 17 and 18 of the patent in suit, and in fact <u>all</u> of those claims, although only hypothetical modification of one claim is sufficient for this motion to be granted for the reasons provided below.

\\\\\\\

## B. Patent in Suit

### 1. Basic Information

The patent in suit, entitled CASE HAVING A STORAGE COMPARTMENT FOR ELECTRONIC DEVICES, was filed on December 5, 2014. *See* Exhibit 1 on 1st page at "(22)." A prior provisional application was filed on June 16, 2014, the effective filing date of the patent in suit. *See* Exhibit 1 on 1st page at "(60)." The patent in suit issued on June 2, 2015, to Mr. Dae-Young Kim. *See* Exhibit 1 on 1st page at "(45)" and "(72)." The patent in suit is assigned to the Plaintiff, namely Spigen Korea Co. Ltd. *See* Exhibit 1 on 1st page at "(73)."

The patent in suit is described to be a "case, having a storage compartment, for an electronic device includ[ing] a soft protective case that protects the electronic device installed therein; a hard protective frame, configured to mount over the soft protective case …; and a cover … slidably mounted [on the hard protective frame] … [to] open and close the storage compartment." Exhibit 1, 1st page at "(57)" under "ABSTRACT."

### 2. The File History of the Patent In Suit

The USPTO did not, as it usually does, challenge any claims submitted by the patentee during prosecution of the patent in suit. Therefore, the patent examiner allowed the application for the patent in suit to issue without any modifications to the original claims. Sutton declaration, ¶ 4. KUM '435 is not referenced in the file

-6-

history of the patent in suit. *Id*.

### 3. The Elements Common to <u>All</u> Claims of the Patent in Suit are found in KUM '435

The claimed invention of the patent in suit has, inter alia, the following limitations in <u>all</u> 22 claims:

*"A case, having a storage compartment, for an electronic device, comprising:*

*a soft protective case which comprises a back panel to cover a back portion of the electronic device, … and a side wall extending form a top surface of the back panel along edges of the back panel …;*

*a hard protective frame, configured to removably mount over the soft protective case, …*

*a cover … to open and close [for opening and closing] the storage compartment …."*

*See* Exhibit 1, at col. 6, line 56 to col. 8, line 4 (claim 1) and col. 8, lines 11-23 (claim 16) for the foregoing limitations. Sutton declaration, ¶ 8.

In addition to the foregoing, all 22 claims of the patent in suit also include a <u>sliding feature</u> of the "cover" that opens and closes the "storage compartment." Independent claim 1 states that the "cover" is "slidably mounted … so that the cover slides … to open and close the storage compartment." The only other independent claim, claim 16, provides "a cover to slide forward and backward … for opening and closing the storage compartment." *See* Exhibit 1. All other claims in the patent in suit are dependent on at least claim 1 or claim 16 and thus have one or the other of the foregoing sliding limitations. *Id*.

KUM '435 discloses, among other claim elements, <u>all</u> of the foregoing combinations of features, unlike any of the Cited Prior Art references for the patent in suit. *See* Exhibit 3 (claim charts comparing claims 1, 2, 6, 8, 10, 11, 13, 16, 17 and 18 to KUM '435); *see also* Exhibit 9 (summarizing the Cited Prior Art and distinguishing those items from some of the foregoing elements found in <u>all</u> of the claims of the patent in suit). Therefore, KUM '435 is of much greater relevance to the patent in suit than the Cited Prior Art, either collectively or separately.

### III. ARGUMENT

#### A. Federal Rule of Civil Procedure 11

Fed.R.Civ.P. 11(b) requires that the submission or maintenance of any "pleading, written motion, or other paper" to the Court be based on "the best of the [submitting] person's knowledge, information, and belief, ***formed after an inquiry reasonable under the circumstances***" wherein:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims [of the complaint] … ***are warranted by existing law*** or by a nonfrivolous basis … [in] … existing … or … new law[; and]

(3) the factual contentions ***have evidentiary support*** or … will likely have evidentiary support ….

Fed. R. Civ. P. 11(b) (emphasis added).

In this motion, the first substantive ground for a Rule 11 violation is that Spigen (including its attorneys) have brought a patent infringement claim on the patent in suit that was obtained through inequitable conduct by Plaintiff and its counsel before the USPTO. Inequitable conduct supports an award of attorneys' fees because the patent was obtained from the United States Patent and Trademark Office ("USPTO") in violation of the duty of candor and disclosure imposed on every patentee. *See Taltech Limited v. Esquel Enterprises Limited*, 604 F.3d 1324, 1328 (Fed. Cir. 2010); *see also* 37 C.F.R. § 1.56.

The second substantive ground for a Rule 11 violation is that claims 1, 2, 6, 8, 10, 11, 13, 16, 17 and 18 of the patent in suit are invalid in view of KUM '435 alone, or in combination with other prior art. Therefore, any such claims that Plaintiff asserts as being infringed in this case violate Rule 11 for that additional reason. *See, e.g.*, Exhibit 3 provided herewith showing where the elements of claims 1, 2, 6, 8, 10, 11, 13, 16, 17 and 18 of the patent in suit are disclosed in KUM '435.

**B. Inequitable Conduct**

"Unlike validity defenses, which are claim specific, … inequitable conduct regarding a single claim renders the entire patent unenforceable." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288 (Fed. Cir. 2011) (*en banc*).

"To establish inequitable conduct, the accused infringer must prove by clear

and convincing evidence that the patentee withheld material information with intent to deceive the PTO." *Taltech*, 604 F.3d at 1328. In short, the elements of inequitable conduct are materiality and intent to deceive.

"[T]he materiality required to establish inequitable conduct is but-for-materiality. When an applicant fails to disclose prior art to the PTO, that prior art has but-for-materiality if the PTO would not have allowed a claim had it been aware of the undiscolosed prior art." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (*en banc*).

"Because direct evidence of deceptive intent is rare, a district court may infer intent to deceive from indirect and circumstantial evidence." *Id*, at 1291.

### 1. Materiality

Under the *Therasense* standard quoted above in section III.B., KUM '435 has "but-for-materiality" because the PTO would not have allowed at least one claim [and, in fact, several claims, namely claims 1, 2, 6, 8, 10, 11, 13, 16, 17 and 18 of the patent in suit] had it been aware of KUM '435.

As explained above in section II.A., KUM '435 was published on April 28, 2014, before the provisional filing date of the patent in suit, namely June 16, 2014. Therefore, KUM '435 is prior art concerning the patent in suit. 35 U.S.C. 102(a)(1); *see also* Exhibit 2, item "(45)" (showing "Publication Date April 28, 2014" for KUM '435); Exhibit 1, item "(60)" (showing "provisional application"

date of "Jun. 16, 2014" for the patent in suit).

As also shown in the evidence cited in section II.A., KUM '435 discloses all of the elements of claims 1, 2, 6, 8, 10, 11, 13, 16, 17 and 18 of the patent in suit and therefore anticipates each of those claims. *See* 35 U.S.C. 102(a)(1); *see also* Exhibit 3 (referencing Exhibits 1 and 2 in providing side-by-side the elements of claims 1, 2, 6, 8, 10, 11, 13, 16, 17 and 18 and the disclosures of KUM '435 corresponding to those claim elements). KUM '435 is thus material to the patent in suit because the USPTO would not have allowed at least one claim had KUM '435 been disclosed to the USPTO by Spigen. *Therasense,* 649 F.3d at 1291.

In the unlikely event the Court concludes that not one of claims 1, 2, 6, 8, 10, 11, 13, 16, 17 and 18 of the patent in suit are anticipated by KUM '435, the USPTO would also have not allowed the same claims due to the obviousness of a combination of KUM '435 and one or more references in the Cited Prior Art or other prior art. 35 U.S.C. 103.

It should be noted that there is a high degree of materiality to KUM '435 here because at least 10 claims would not have been issued if KUM '435 was presented to the USPTO during prosecution of the patent in suit, while only one such claim is necessary.

### 2. Intent to Deceive

In this case, this Court should "infer intent to deceive from indirect and

circumstantial evidence." *See Therasense*, at 1291.

Spigen was accused of infringing KUM '435 by a third party in Korea before the patent in suit was being prosecuted in the USPTO. *See, e.g.,* Exhibit 5 (a cease and desist letter that was certified by the Korean Post Office as being sent to Plaintiff on July 3, 2014, several months before the onset of prosecution of patent in suit after December 5, 2014); *see also* Sutton declaration, ¶ 4 (the prosecution of the patent in suit began after December 5, 2014). Therefore, not only did Spigen have knowledge of KUM '435, Plaintiff was fully and acutely aware that the KUM '435 reference was being asserted as a basis for infringement by Spigen's own products. That not only raises the spectacle of infringement of KUM '435 by the commercial embodiments of the products claimed in the patent in suit; it required Spigen to carefully analyze KUM '435. The evidence of intent to deceive the USPTO is thus very strong.

Spigen's patent counsel during the prosecution of the patent in suit, who is also its litigation counsel in this case, cannot claim ignorance of the high duty of candor and disclosure to the USPTO of material prior art. As a licensed patent attorney, counsel's intimate knowledge of the duty of candor and disclosure to the USPTO is required. Therefore, if counsel provided competent advice regarding the patent in suit, he informed Spigen of its duty of candor and disclosure. That duty was clearly violated in this case.

In addition to threatening Defendant with a lawsuit for infringement of the patent in suit a few weeks after the patent in suit issued, Spigen also sent a cease and desist letter to Amazon.com demanding that Amazon stop providing a market for Defendant's accused products and threatening a lawsuit against Amazon if it did not comply with Spigen's demands to cease sales of its products.  *See* Exhibits 6 and 10.

### C. Invalidity

In view of the information provided in the invalidity charts of Exhibit 3, Defendant respectfully submits that independent claims 1 and 16 of the patent in suit are invalid, as well as dependent claims 2, 6, 8, 10, 11, 13, 17 and 18.  *See* Exhibit 3 (showing elements of the aforementioned patent claims next to the disclosures of those claim elements in KUM '435) and Exhibit 4 (Cited Prior Art); *see also* 35 U.S.C. §§ 102 and 103.  Some of the materiality evidence and accompanying "but-for-materiality" arguments brought above in conjunction with inequitable conduct are applicable here.  Invalidity is a separate reason why the *maintenance* of this case, after Defendant's showing of invalidity on this motion that was served at least 21 days before this motion was filed, is a violation of Rule 11.  *See* Exhibit 3.

### D. Plaintiff's Counsel's Prosecution of this Lawsuit Is in Violation of F.R.Civ.P. 11(b)(1) and (2)

Finally, in addition to the foregoing, Plaintiff and its counsel knew about

KUM '435 and its relevance to the patent in suit before the complaint in this lawsuit was filed, as well as since that filing. *See, e.g.,* Exhibits 5, 6 and 7. Plaintiff's counsel was informed by Defendant's counsel of the materiality of KUM '435, and provided yet again with a copy of KUM '435 along with Defendant's counsel's response to Plaintiff's counsel's cease and desist letter. *See* Exhibit 7.

Plaintiff's counsel proficiently speaks and reads Korean, as is known by Defendant's counsel, Mr. John K. Park, because Mr. Park previously employed Plaintiff's counsel. Park declaration, ¶ 7. Therefore, Plaintiff's counsel could have and should have thoroughly read KUM '435 provided by Defendant's counsel with Defendant's response to Plaintiff's cease and desist letter. *See* Exhibit 7. That Plaintiff's counsel read KUM '435 is evidenced by the response letter of Plaintiff's counsel, dated July 20, 2015, arguing about the alleged differences between KUM '435 and the claims of the patent in suit. *See* Exhibit 8. Therefore, Plaintiff and its counsel should not have filed this case, or should have promptly withdrawn it upon receiving notice of this motion, but did not do so.

\\\\\\\

## IV. CONCLUSION

For the foregoing reasons, Defendant requests that the Court issue sanctions, including payment of Defendant's attorneys' fees, against Plaintiff and its counsel under Fed.R.Civ.P. 11.

Dated: October 12, 2015

By: ___/s/ Mark L. Sutton_____
Mark L. Sutton
Attorney for Defendant
VERUS U.S.A., LLC