Heedong Chae (SBN 263237)
Email: hdchae@ewpat.com
Richard Kim (SBN 272184)
Email: rkim@ewpat.com
**East West Law Group PC**
3600 Wilshire Blvd., Suite 702
Telephone: (213) 387-3630
Facsimile: (213) 788-3365

*Attorneys for Plaintiff,*
*Spigen Korea Co., LTD.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD., a Republic of Korea corporation, <br><br> Plaintiff, <br><br> v. <br><br> ISPEAK CO., LTD., a Republic of Korea corporation; VERUS U.S.A., LLC, a California limited liability company; DOES 1 though 10, inclusive, <br><br> Defendants. | Case No.: 8:15-cv-01050 DOC (DFMx) <br> Assigned to Hon. David O. Carter <br><br> **DECLARATION OF HEEDONG CHAE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** <br><br> **Hearing:** <br> Date:     June 13, 2016 <br> Time:     8:30 a.m. <br> Dept:     9D <br> Location:  411 West Fourth Street, Santa Ana, CA 92701 |
| VERUS U.S.A., LLC, a California limited liability company, <br><br> Counter-Plaintiff, <br><br> v. <br><br> SPIGEN KOREA CO., LTD., a Republic of Korea corporation, <br><br> Counter-Defendant. | *[The following documents filed concurrently: Memorandum of Points and Authorities; Separate Statement of Facts Not in Dispute; Declaration of Matthew Stein; Declaration of Dae Young Kim; [Proposed] Order]* |

DECLARATION OF HEEDONG CHAE IN SUPPORT OF SPIGEN KOREA CO., LTD'S MOTION
FOR SUMMARY JUDGMENT
1

1

2    I, Heedong Chae declare as follows:

3    1.    I am the attorney for Plaintiff and Counter-Defendant Spigen

4    Korea Co., LTD (hereinafter, "Plaintiff" or "Spigen") in this action and I

5    have personal knowledge of the facts set forth herein, and if called upon, I

6    could and would testify competently to those facts.

7    2.    Defendants Verus USA, LLC and iSpeaker Co., Ltd's

8    (collectively, "Defendants") Counsel and I have stipulated to the authenticity

9    to the U.S. Patents or U.S. Patent Publications downloaded either from the

10   U.S. Patent and Trademark Office (hereinafter, "USPTO") or Google

11   Patents.

12   3.    Attached as Exhibit A-1 is a true and correct copy of U.S.

13   Patent No. 9,049,283 entitled "Case Having a Storage Compartment for

14   Electronic Devices," duly and properly issued by the U.S. Patent and

15   Trademark Office on June 2, 2015 (hereinafter, " '283 Patent").

16   4.    Attached as Exhibit A-2 is a true and correct copy of U.S.

17   Provisional Patent Application No. 62/012,962 to which the '283 Patent

18   claims priority.

19   5.    Spigen's protective cases, which practice the '283 Patent,

20   include Slim Armor CS for Galaxy S5, Slim Armor CS for iPhone 6/6S, and

21   Slim Armor CS for iPhone 6/6S Plus. These Slim Armor CS cases have been

22   respectively marked as Exhibits B-1, B-2 and B-3, and have been lodged

23   with the Court.

24   6.    Attached as Exhibit C is a true and correct copy of advertising

25   materials for the accused products of Defendants posted on Amazon.com or

26   VRSDESIGN.COM.

27   7.    Defendants' accused products include Damda Slide for iPhone

28   6/6S, Damda Slide for iPhone 6/6S Plus, Damda Slide for Galaxy Note 4,

1  Damda Slide for Galaxy Note 5, Damda Slide for Galaxy S6, Damda Slide

2  for Galaxy S6 Edge, and Damda Slide for Galaxy S6 Edge Plus. These

3  Damda Slide cases have been respectively marked as Exhibits D-1, D-2, D-

4  3, D-4, D-5, D-6 and D-7, and  have been lodged with the Court.

5         8.     On May 16, 2016, I served Plaintiff's Claim Construction Brief

6  , including Appendix "I" (Claim Chart), Appendix "II" (Dictionary

7  Definitions), Appendix "III" (US 2014/0034531), and Appendix "IV"

8  (US8833379), on Defendants by email and filed the Brief with the Court.  A

9  true and Correct Copy of the Claim Construction Brief and Appendixes are

10  attached here to as Exhibit E.

11         9.     On May 14, 2016, I served Plaintiff Spigen Korea Co., LTD's

12  Second Supplemental Infringement Contentions on Defendants by email.  A

13  true and correct copy is of Plaintiff Spigen Korea Co., LTD's Second

14  Supplemental Infringement Contentions are attached hereto as Exhibit F.

15        10.    On or about May 2, 2016, Defendants served Defendant Verus

16  U.S.A.'s First Supplemental Expert Report by Oliver Seil ("Seil") on Spigen

17  by email.  A true and correct copy of Defendant Verus U.S.A.'s First

18  Supplemental Expert Report by Oliver Seil is attached hereto as Exhbit G.

19        11.    On or about April 28, 2016, Defendants served Appendix D to

20  the Expert Report by Oliver Seil on Spigen by Federal Express. Appendix D

21  is titled ""Dependant Claim Invalidity Charts Claims 1-22". A true and

22  correct copy of Appendix D to the Expert Report by Oliver Seil is attached

23  hereto as Exhibit H.

24        12.    On May 12, 2016, I received the Second Revised Non-

25  Infringement Contentions from Verus.  A true and correct copy of the

26  Second Revised Non-Infringement Contentions are attached hereto as

27  Exhibit I.

28        13.    On March 21, 2016, I served Plaintiff Spigen Korea Co., Ltd's

1  Request for Admissions on Ispeaker by email pursuant to an agreement by
2  the parties.  On April 22, 2016, I received by email, Ispeaker's responses to
3  the Requests for Admissions.  A true and correct copy of Ispeaker's
4  Responses to the Requests for Admissions are attached hereto as Exhibit J.
5      14.    On March 21, 2016, I served Plaintiff Spigen Korea Co., Ltd's
6  Request for Admissions on Verus by email pursuant to an agreement by the
7  parties.  On April 22, 2016, I received by email, Verus's responses to the
8  Requests for Admissions.  A true and correct copy of Verus's Responses to
9  the Requests for Admissions are attached hereto as Exhibit K.
10     15.    Attached as Exhibit L is a true and correct translated copy of
11 the Korea Registered Utility Model 20-0472435 entitled "Card Storage Type
12 Mobile Device Case with a Slide Cover, registered with the Korean
13 Intellectual Property Office on April 22, 2014 (hereinafter, "KUM '435").
14     16.    Attached as Exhibit M is a true and correct copy of U.S. Patent
15 No. 8,245,842 entitled "Protective Case Having a Hybrid Structure for
16 Portable Handheld Electronic Devices," duly and properly issued by the U.S.
17 Patent and Trademark Office on August 21, 2012 (hereinafter, the "'842
18 Patent").
19     17.    Attached as Exhibit N is a true and correct copy of U.S. Patent
20 Application Publication No. 2012/0067751 entitled "Case for Enclosing a
21 Personal Electronic Device and Card," publication date March 22, 2012
22 (hereinafter, the "'751 Publication").
23     18.    DesignSkin Slider case for iPhone 5/5Shas been marked as
24 Exhibit O-1 and has been lodged with the Court.
25     19.    Incipio Stowaway Credit Card case for iPhone 4/4S has been
26 marked as Exhibit O-2 and has been lodged with the Court.
27     20.    Attached as Exhibit P is a true and correct copy of excerpts
28 from deposition transcript of Dae Jin No (erroneously identified as "Dae jJi

Noh).

21.    Attached as Exhibit Q is a true and correct copy of U.S. Patent Application Publication No. 2010/0230301 entitled "Carrying Receptacle," publication date September 16, 2010 (hereinafter, the "'301 Publication").

22.    Attached as Exhibit R is a true and correct copy of U.S. Patent No. 8,047,364 entitled "Protective Covering for Personal Electronic Device," duly and properly issued by the U.S. Patent and Trademark Office on November 1, 2011 (hereinafter, the "'364 Patent").

23.    Attached as Exhibit S is a true and correct copy of U.S. Patent Application Publication No. 2011/0294556 entitled "Mobile Phone Case with Card Slot," publication date December 1, 2011 (hereinafter, the "'556 Publication").

24.    Attached as Exhibit T is a true and correct copy of U.S. Patent Application Publication No. 2012/0244918 entitled "Cell Phone Case," publication date September 27, 2012 (hereinafter, the "'918 Publication").

25.    Attached as Exhibit U is a true and correct copy of U.S. Patent No. 8,833,379 entitled "Container Attachable to Personal Electronic Device," duly and properly issued by the U.S. Patent and Trademark Office on September 16, 2014 (hereinafter, the "'379 Patent").

26.    Attached as Exhibit V is a true and correct copy of U.S. Patent No. 8,439,191 entitled "Cell Phone Protector Case Having the Combination of an Interior Soft Silicone Shell and a Hard Exterior Shell with Alight Retaining Members," duly and properly issued by the U.S. Patent and Trademark Office on May 14, 2013 (hereinafter, the "'191 Patent").

27.    Attached as Exhibit W is a true and correct copy of excerpts from deposition transcript of Dae-Young Kim.

28.    I have been a prosecuting attorney who prosecuted the '283 Patent with the USPTO and thus have extensive knowledge of the '283

1   Patent and its prosecution history.

2      29.   In about late May of 2015, Plaintiff asked me to review and
3   analyze KUM '435.

4      30.   I then conducted my own analysis and investigation of the
5   KUM 435 and compared it to the '283 Patent.

6      31.   Based upon my analysis, knowledge, and experience, I
7   concluded that KUM '435 discloses an invention significantly and
8   fundamentally different from the '283 Patent or Spigen's product practicing
9   the '283 Patent and that KUM '435 is not material to the patentability of the
10  '283 Patent.

11     32.   A key difference between the '283 Patent and KUM '435 is that
12  the hard protective frame removably mounts over the soft protective case in
13  the 283' Patent, while the 1st body and the 2nd body are fixedly attached in
14  KUM '435.

15     33.   Many of the claim elements of the '283 Patent deal with the
16  mating and coupling of the removable hard protective frame and soft
17  protective case.

18     34.   The mating and coupling claim elements were not present in the
19  Kum '435.

20     35.   Another key difference between the '283 Patent and KUM '435
21  is the credit card storage compartment.

22     36.   In the '283 Patent, the credit card storage compartment is
23  formed by the raised wall from the back panel of the soft protective case.

24     37.   In the KUM '435, the credit card storage compartment is
25  created by a recess in the hard flat plate onto which the soft portion is
26  overmolded.

27     38.   Furthermore, the '283 Patent is directed to how to make the
28  structure slim and compact to overcome the bulkier case caused by separable

DECLARATION OF HEEDONG CHAE IN SUPPORT OF SPIGEN KOREA CO., LTD'S MOTION
FOR SUMMARY JUDGMENT

soft protective case and hard protective frame. The invention of the '283 Patent has overcome this problem excellently and resulted in a superb structure of the case. This kind of problem is not present in KUM '435.

39.     KUM '435 and the '283 Patent deal with fundamentally different technologies having different problems, issues and concerns, and in my opinion, it is nonsensical to allege invalidity of the '283 Patent based on KUM '435.

40.     Based on my analysis, I further concluded that KUM '435 is cumulative to other cited references of the '283 Patent and that KUM '435 does not anticipate any claim of the '283 Patent, nor make any claim of the '283 Patent obvious in view of other prior art then known to me.

I declare under penalty of perjury according to the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed this Monday, May 16, 2016 at Los Angeles, California

By: _____

Heedong Chae, Declarant