Heedong Chae (SBN 263237)
Email: hdchae@ewpat.com
Richard Kim (SBN 272184)
Email: rkim@ewpat.com
**East West Law Group PC**
3600 Wilshire Blvd., Suite 702
Telephone: (213) 387-3630
Facsimile: (213) 788-3365

*Attorneys for Plaintiff,*
*Spigen Korea Co., LTD.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD., a Republic of Korea corporation,<br><br>Plaintiff,<br><br>v.<br><br>ISPEAK CO., LTD., a Republic of Korea corporation; VERUS U.S.A., LLC, a California limited liability company; DOES 1 though 10, inclusive,<br><br>Defendants. | Case No.: 8:15-cv-01050 DOC (DFMx)<br>Assigned to Hon. David O. Carter<br><br>**DECLARATION OF DAE-YOUNG KIM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing:**<br>Date:      June 13, 2016<br>Time:      8:30 a.m.<br>Dept:      9D<br>Location:  411 West Fourth Street, Santa Ana, CA 92701 |
| VERUS U.S.A., LLC, a California limited liability company,<br><br>Counter-Plaintiff,<br><br>v.<br><br>SPIGEN KOREA CO., LTD., a Republic of Korea corporation,<br><br>Counter-Defendant. | *[The following documents filed concurrently: Memorandum of Points and Authorities; Separate Statement of Facts Not in Dispute; Declaration of Matthew Stein; Declaration of Heedong Chae; [Proposed] Order]* |

DECLARATION OF DAE-YOUNG KIM IN SUPPORT OF PLAINTIFF SPIGEN KOREA CO., LTD'S MOTION FOR SUMMARY JUDGMENT

1

I, Dae-Young Kim, declare as follows:

1. I am the Chief Executive Officer of Plaintiff and Counter-Defendant Spigen Korea Co., LTD (hereinafter, "Plaintiff" or "Spigen") in this action and the inventor of the patent in suit, U.S. Patent No. 9,049,283 (the "'283 Patent"). I have personal knowledge of the facts set forth herein, and if called upon, I could and would testify competently to those facts.

2. On or about July 3, 2014, the patentee of Korean Utility Model No. 20-0472435 ("KUM '435") sent a Warning Letter (the "Warning Letter") to Spigen alleging that Spigen's product practicing the '283 Patent ("Spigen's accused product") infringed on KUM '435.

3. Attached as Exhibit X is a true and correct copy of the Warning Letter with a date stamp of July 3, 2014.

4. I have become aware of KUM '435. I reviewed and analyzed KUM '435 and compared it to Spigen's accused product.

5. When I reviewed the KUM '435, I saw that the design was very different from Spigen's accused product or the '283 Patent.

6. In the '283 Patent, the hard protective frame removably mounts over the soft protective case while in the KUM '435, the soft protective case is overmolded (fixedly attached) to a hard plastic plate structure.

7. Additionally, the credit card storage compartment was created differently in the KUM '435 than the '283 Patent.

8. The credit card compartment on the KUM '435 is created on a recess in the hard flat plate, while in the '283 Patent, the credit card storage compartment is formed by the raised wall from the back panel of the soft protective case.

9. These differences lead to different manufacturing processes in that KUM '435 is double shot injection molded, while the '283 Patent requires manufacture of two pieces that are removably assembled together.

10. Additionally, there are numerous designs that were required in the '283 Patent in order to ensure that the soft protective case and the hard protective frame were compatible, secure, and provided sufficient coupling.

11. For these reasons, I concluded that the Warning Letter by the patentee of KUM '435 is frivolous and baseless because the case of KUM '435 is significantly and materially different from Plaintiff's product and Plaintiff's product does not infringe on KUM '435. I also concluded that KUM '435 is not materially relevant to the patentability of the '283 Patent.

12. On or about July 6, 2014, based on my analysis and conclusion, I emailed to the representative of the patentee of KUM '435, noting material differences between KUM '435 and Spigen's accused case, and pointing non-infringement.

13. Attached as Exhibit Y is a true and correct copy of the email reply to the Warning Letter sent on July 6, 2014.

14. Even if the patentee of KUM '435 could not prevail, a legal proceeding began in 2015 between Spigen and the patentee of KUM '435 regarding KUM '435. After completion of the legal proceeding, KUM '435 was finally determined invalid.

15. In about late May of 2015, I forwarded KUM '435 to Plaintiff's counsel, Heedong Chae, for further review.

16. Shortly thereafter, Heedong Chae notified me that KUM '435 discloses an invention significantly different from Spigen's accused product or the '283 Patent and that KUM '435 is not material to the patentability of the '283 Patent.

17. During the prosecution of the '283 Patent Application with the U.S. Patent and Trademark Office, I was not aware of the existence of the Incipio Stowaway Case or many other alleged prior art references Defendants presented.

DECLARATION OF DAE-YOUNG KIM IN SUPPORT OF PLAINTIFF SPIGEN KOREA CO., LTD'S MOTION FOR SUMMARY JUDGMENT

I declare under penalty of perjury according to the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed this Monday, May 16, 2016 in Irvine, California

By: _____
DAE-YOUNG KIM